NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 12 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA JOSE VANEGAS-DELGADO, AKA Maria Jose Vanegas,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 15-73478

Agency No. A205-719-405

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2023[**]
Pasadena, California

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Petitioner Maria Jose Vanegas-Delgado, a native and citizen of Nicaragua,

seeks review of the Board of Immigration Appeals' ("BIA") dismissal of her

appeal from the order of an Immigration Judge ("IJ") denying her application for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the United Nations Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Petitioner entered the United States without inspection in August 2005, about a year after her brother disappeared in a presumed kidnapping by unknown individuals.[1] Following her brother's disappearance, Petitioner received anonymous phone calls from two individuals trying to extort her for money in exchange for information about the whereabouts of her brother. In a declaration submitted to the IJ, Petitioner explained that while her family's agricultural fortune was substantially destroyed when the Sandinista National Liberation Front ("SNLF") took power in 1979, her family is still perceived as wealthy. She also stated that she has been the victim of at least two robberies and that, because of her opposition to the SNLF, she would have difficulty finding work if removed to Nicaragua. At her hearing before the IJ, Petitioner testified that one of her sisters and her grandmother continue to live safely in Nicaragua and have not been harassed, threatened, or extorted for money.

The government initiated removal proceedings in 2013. Petitioner conceded

---

[1] Petitioner testified that she filed a police report after her brother's disappearance, but there have been no developments.

removability and applied for withholding of removal and protection under CAT.[2] She fears future persecution based on her membership in her family, her imputed opposition to the SNLF, and her membership in the putative social group of "women of perceived wealth." The agency found Petitioner credible, but denied relief because Petitioner failed to establish: (1) past harm rising to the level of persecution or a reasonable fear of future persecution; (2) a nexus between her alleged persecution and a protected ground; and (3) involvement of Nicaraguan government officials or forces the government is unwilling or unable to control.

Where, as here, "the BIA 'has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's.'" *Maie v. Garland*, 7 F.4th 841, 845 (9th Cir. 2021) (quoting *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002)). "Thus, we refer to the [BIA] and IJ collectively as 'the agency.'" *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). The agency's findings of fact are reviewed for substantial evidence and its conclusions of law are reviewed de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).

**1.** Substantial evidence supports the agency's determination that Petitioner is not eligible for withholding of removal. First, the agency permissibly concluded that Petitioner did not suffer persecution in the past and is not more likely than not

---

[2] Petitioner conceded that she is time-barred from applying for asylum.

to face persecution in the future. *See Aden v. Wilkinson*, 989 F.3d 1073, 1086 (9th Cir. 2021). Anonymous phone calls, without more, do not rise to the level of persecution, particularly when they are not accompanied by a specific threat of physical violence. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021). And the record does not indicate that the disappearance of Petitioner's brother was related to his membership in the family or that Petitioner faces significant danger related to the kidnapping. *See Sharma*, 9 F.4th at 1062 ("[A]lthough harm to a petitioner's close relatives . . . may contribute to a successful showing of past persecution, it must be part of a pattern of persecution closely tied to [the petitioner herself]." (internal quotation marks omitted)). Nor does difficulty finding employment due to her political affiliation rise to the level of persecution, especially because the country reports that Petitioner submitted indicate only that party membership is required for public-sector employment. *See Nagoulko v. Immigr. & Naturalization Serv.*, 333 F.3d 1012, 1016–17 (9th Cir. 2003).

Moreover, substantial evidence supports the determination that Petitioner has not established a sufficient nexus between her harm and a protected characteristic. To be eligible for withholding of removal, an applicant must in part "demonstrate that a protected characteristic would be 'a reason' for future persecution." *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (internal

4

citation omitted). There is no evidence that the disappearance of Petitioner's brother, the anonymous phone calls she received, or the robberies she experienced were related to Petitioner's family's status or her opposition to the SNLF. And the fact that Petitioner's sister and grandmother continue to live safely in Nicaragua supports the agency's conclusion that any harm Petitioner experienced was not tied to her family status or political affiliations. Further, as the agency explained, the proposed particular social group of "women of perceived wealth" is not "narrowly defined" in terms of "immutability, cohesiveness, homogeneity, and visibility," as our caselaw requires. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) (per curiam) (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1220 (9th Cir. 2009)). Accordingly, we deny the petition with respect to Petitioner's withholding of removal claim.

**2.** Substantial evidence also supports the agency's determination that Petitioner is not entitled to CAT protection. "To qualify for relief under CAT," an applicant "must establish it is more likely than not that he or she would be tortured if returned to the proposed country of removal." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1089 (9th Cir. 2020). "Torture is 'more severe than persecution.'" *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) (quoting *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018)). Because Petitioner has not established a reasonable fear of persecution, she has not demonstrated a likelihood of torture upon return to

Nicaragua.

**3.** Petitioner's claim that the BIA violated her due process rights when it affirmed the IJ's decision lacks merit. There is nothing in the record that suggests that Petitioner did not receive a full and fair hearing. *See Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011).

**PETITION DENIED.**